Billy Thomas SIMMONS *v.* STATE of Arkansas

CA CR 84-136                    681 S.W.2d 422

Court of Appeals of Arkansas
Division II
Opinion delivered January 2, 1985

*Steven G. Beck* and *Herman H. Hankins, Jr.,* for appellant.

*Steve Clark,* Att'y Gen., by: *Joyce Rayburn Greene,* Asst. Att'y Gen., for appellee.

TOM GLAZE, Judge. The appellant, Billy Thomas Simmons, appeals from the revocation of his probation and his sentence of five years in the Department of Correction. We affirm.

On September 15, 1982, the appellant pleaded guilty to burglary. He was sentenced to five years probation and was assessed a $250 fine, $125 restitution and costs. At a revocation hearing on April 16, 1984, the appellant testified that he had failed to pay as ordered, failed to report to the probation office, and failed to notify the probation office of a change of address after he moved from Kirby to Hot Springs. He stated that he remembered that the trial judge had outlined in detail his conditions of probation and that he knew if he violated the terms of probation he could be sent to prison. Even with that knowledge, according to appellant, he moved and did not report in.

On appeal, appellant contends the trial court abused its discretion in revoking his probation for de minimus violations of probation. Appellant contends that his failure to pay was remedied by his payment of fines, restitution, court costs, and attorney's fees prior to the revocation hearing. He contends that his failure to report to his probation officer and to notify the officer of his change of address was merely negligence on his part and nothing in the record indicated that he was engaged in bad acts. Appellant relies upon *Cogburn* v. *State*, 264 Ark. 173, 569 S.W.2d 658 (1978), for the proposition that his violations are excusable.

In *Cogburn,* the Supreme Court noted that the statute permits revocation of a suspended sentence when the court finds that a defendant has *inexcusably* failed to comply with a condition of suspension. Ark. Stat. Ann. § 41-1208(4) (Repl. 1977). The Court found that Cogburn's non-compliance was *not* inexcusable. His condition of suspension was to work for eighty hours each month at the Arkansas Children's Colony. The evidence showed that he worked for fifty to sixty hours each week for his employer; he and his wife both had been ill; as a consequence, he had worked fewer than eighty hours a month at the Children's Colony for several months in a row, although he had worked

each month. At the revocation hearing, the trial judge misunderstood the number of hours that Cogburn had actually worked to satisfy the condition and revoked his suspended sentence. In reversing the trial court's revocation, the Supreme Court said that in view of the circumstances, Cogburn's failure was excusable.

In the instant case, the appellant admitted that he did not comply with the terms of his probation, and the trial court found his failure inexcusable. Unlike the defendant in *Cogburn* who had reasons for his failure to fully comply, the appellant here had no reason for his failure and did not even attempt to comply until after he was arrested for violations of probation. It was then that he paid his fine and restitution. His excuse for not notifying the probation office that he had moved was that he did not have the address of the Arkadelphia office. In view of appellant's failure to comply with the terms of probation and the absence of any excuse for that failure, we find no error in the trial court's revoking the probation for what appellant contends are de minimus violations.

Appellant raises a second point for reversal, and argues that the trial judge imposed an erroneous sentence when he revoked appellant's probation. On September 15, 1982, the trial court took appellant's plea under advisement for a probated period of five (5) years, commencing September 15, 1982. The court's order listed appellant's conditions of probation under eight paragraphs, the last of which sentenced him to five years probation, a $250 fine, $75 costs, $125 restitution and $200 attorney's fees as a part of the costs. The order further provided that appellant's probation was subject to good behavior, no law violations, three years active supervision by the court's probation officers and the court's standard conditions of probation. Appellant contends that because the trial judge originally imposed a fine on September 15, 1982, the appellant's five-year sentence should have run from that date rather than the date of revocation. We disagree.

Appellant cites Ark. Stat. Ann. § 41-1201(3) (a) (Repl. 1977), which provides that the court, when it places a

defendant on probation (or suspends his imposition of sentence) must enter a judgment of conviction if it sentences him to pay a fine and places him on probation (or suspends imposition of his sentence to imprisonment). Appellant next refers to that part of the commentary to § 41-1201(3) that states when a fine is imposed, the court must enter a judgment of conviction. Appellant concludes that when the trial court fined him on September 15, 1982, such action was tantamount to the entry of a judgment of conviction and his probated time ran from that date.

Appellant's argument ignores other relevant statutes that bear on this issue. Unquestionably, appellant pleaded guilty to burglary, a Class B felony, and the trial court had authority under Ark. Stat. Ann. § 41-803 (Supp. 1983) to either suspend imposition of sentence or place him on probation. Pursuant to § 41-803(5) — because burglary is punishable by fine and imprisonment — the trial court chose to sentence appellant to pay a fine and placed him on probation. When the trial court revoked appellant's probation, it was authorized under Ark. Stat. Ann. § 41-1208(6) (Repl. 1977) to enter a judgment of conviction. At that time, it could impose any sentence on appellant that might have been imposed originally for the burglary offense provided that any sentence to pay a fine or to imprisonment, when combined with any previous fine or imprisonment imposed for the same offense, not exceed the limits of Ark. Stat. Ann. §§ 41-901(c) (Supp. 1983) and -1101(1) (a) (Repl. 1977). The trial court's power under § 41-1208(6) is clearly explained by the commentary to that statute as follows:

> The power to impose any sentence originally authorized is qualified to the extent that a fine or imprisonment was actually imposed at the time suspension or probation was ordered. For example, assume that a defendant is found guilty of a class B felony and the court imposes a fine of $10,000 and suspends imposition of sentence as to imprisonment. If the defendant is subsequently revoked, he may be sentenced to a term of imprisonment up to 20 years but the maximum fine that can be imposed is $15,000 (statutory limit for class B felony) less $10,000 (fine already imposed), or $5,000.

Similarly, if the court had imposed a 5-year term of imprisonment followed by a period of suspension, the maximum sentence upon revocation is 15 years.

Following the foregoing example, the trial court here imposed a $250 fine but released appellant on probation for a five-year period without pronouncing sentence. When appellant's probation was revoked, the trial court could have sentenced him to a term of imprisonment up to twenty years (the statutory limit for a Class B felony), but the maximum fine imposed could not exceed $14,750 (the $15,000 maximum for a Class B felony minus $250 — the fine imposed on September 15, 1982). Instead, the trial judge sentenced appellant to the minimum term of imprisonment for a Class B felony (five years) and imposed no additional fine. Accordingly, we hold the sentence imposed by the trial court was well within its power to make.

Affirmed.

MAYFIELD and COOPER, JJ., agree.