The Honorable Ted C. Capeheart Circuit and Chancery Court Judge Ninth Judicial Circuit — West Little River County Courthouse Post Office Box 546 Ashdown, Arkansas 71822
Dear Judge Capeheart:
This is in response to your request for an opinion on whether a defendant whose probation has been revoked due to his failure to pay a fine may, following his release from prison on parole, be jailed for his continued failure to pay the fine. You question whether this constitutes double jeopardy.
In my opinion, such a course of action is authorized by law and does not violate U.S. Const. amend. 5 or Ark. Const. art. 2, § 8, the constitutional provisions prohibiting the placing of a person in jeopardy more than once for the same offense.[1]
Subject to constitutional limitations (see fn. 1), payment of a fine that is imposed in connection with a criminal conviction may be made a condition of the defendant's probation. See, e.g., Simmons v. State,13 Ark. App. 208, 681 S.W.2d 422 (1985); cf. Harmon v. State, 317 Ark. 47,876 S.W.2d 240 (1994); see also A.C.A. § 5-4-303(a) and (c)(10) (Repl. 1993). A defendant's probation may be revoked for his failure to comply with a condition of his probation and, upon such revocation, the court may impose a sentence of imprisonment upon him. A.C.A. § 5-4-309(d) and (f) (Repl. 1993). In my opinion, the defendant's service of such sentence of imprisonment does not eliminate or reduce the unpaid amount of his fine. The statute providing for reduction of the unpaid amount of the fine for time served applies only when the defendant has been imprisoned for nonpayment of the fine, not when he has been imprisoned as a primary part of the punishment for his crime. See A.C.A. § 5-4-203(a) (Supp. 1995).
There is no limitation on the amount of time during which an existing fine may be enforced, and the court retains jurisdiction over a defendant owing a fine until it is paid, even if the term of his sentence to imprisonment has expired. Basura v. City of Springdale, 46 Ark. App. 66,884 S.W.2d 629 (1994). Accordingly, it is my opinion that when a defendant owing a fine is released from a term of imprisonment, whether the imprisonment was imposed originally or after revocation of probation, he is subject to being imprisoned again, as a consequence of nonpayment of the fine, pursuant to A.C.A. § 5-4-203.
In Basura, the defendant was convicted and fined (he was not sentenced to a term of imprisonment or placed on probation). He failed to pay the fine and, after the passage of a considerable amount of time, was ordered incarcerated for failure to pay. The Arkansas Court of Appeals rejected a double jeopardy argument, holding that incarceration arising from a defendant's failure to complete the sentence originally imposed upon him (i.e., the fine) does not have double jeopardy implications. The only difference between Basura and the case about which you inquire is that the defendant there was simply fined, and not placed on probation. In my opinion, that distinction makes no difference to the double jeopardy analysis.
It is also helpful, in my view, to consider the case of a person originally sentenced to a term of imprisonment and to pay a fine. In my opinion, it is clear that, after his release, he may again be imprisoned pursuant to A.C.A. § 5-4-203 for failure to pay the fine; the term of imprisonment imposed as a primary punishment for the crime has no effect upon the person's liability to pay the fine.
Clearly, a person convicted of a crime generally may be both placed on probation and sentenced to pay a fine. A.C.A. § 5-4-104(d) (Supp. 1995). The probation of a person whose case is so disposed of may later be sentenced to imprisonment, as a primary punishment for the crime, if he fails to comply with the conditions of his probation, which conditions may include payment of the fine. A.C.A. § 5-4-309. If, after his release, he still fails to pay the fine, it is my opinion that he may then be imprisoned, as a consequence of nonpayment (i.e., for his failure to complete the sentence originally imposed), pursuant to A.C.A. §5-4-203 and the rule stated in Basura.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] I assume that the defendant is able to pay the fine. Imprisonment of an indigent defendant for failure to pay a fine violates the defendant's equal protection rights. Drain v. State, 10 Ark. App. 338,664 S.W.2d 484 (1984), citing Bearden v. Georgia, 461 U.S. 660 (1983);see also A.C.A. § 5-4-203(a)(3) and (4) (Supp. 1995).