

Cite as 2016 Ark. App. 171

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV–15–700

| | |
|---|---|
| BETH'S BAIL BONDS, INC.<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** March 16, 2016<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION<br>[NOS. CR–12–3088; CR–13–1044; CV–15–1950]<br><br>HONORABLE BARRY SIMS, JUDGE<br><br>AFFIRMED |

## M. MICHAEL KINARD, Judge

Beth's Bail Bonds, Inc. (BBB), appeals from the bond-forfeiture judgment entered against it on May 4, 2015. On appeal, BBB contends that the judgment should be reversed due to failure to comply with the bond-forfeiture statute. We affirm.

BBB wrote a bail bond in favor of Billy Mac Harris on April 10, 2013. Harris failed to appear for court on July 22, 2013. On that same date, the trial court and circuit clerk issued an order to show cause and a summons ordering BBB to appear on October 14, 2013, to show cause why the bond should not be forfeited due to Harris's failure to appear. The parties agree that, for unexplained reasons, the case was not called up on October 14, 2013, and the show-cause hearing was never held.

On August 19, 2014, notice was mailed to Harris ordering him to appear for a "report/status" hearing in his case on September 4, 2014. The notice was returned, marked

SLIP OPINION

"return to sender," "moved left no address," and "unable to forward." On September 4, 2014, Harris failed to appear. The trial court entered an order to show cause, and the circuit clerk issued a summons for BBB to appear on December 8, 2014.

BBB filed a motion to dismiss the bond forfeiture, and the show-cause hearing was reset for May 4, 2015. David Viele, an agent for BBB, testified that he took Harris into custody on May 18, 2014, and tried to surrender him to the jail, but he was told there was no warrant for Harris. Viele did not know if Harris had received notice of his court date. Viele said that BBB's license had been revoked since October 2014, so he had been unable to look for Harris since then. David Cannon, Harris's former attorney, said that he received notice of Harris's September 4, 2014 court date, and his office would have sent notice to Harris at his address on file. The trial court entered judgment forfeiting BBB's bond of $10,000. BBB timely appealed.

BBB argues that the judgment should be reversed because Harris was not lawfully required to appear on September 4, 2014, since the notice sent to Harris was returned undelivered. Arkansas Code Annotated section 16-84-207(a) (Supp. 2015) provides that if a bail bond is granted by a judicial officer, it shall be conditioned on the defendant's appearing for trial, surrendering in execution of the judgment, or appearing at any other time when his or her presence in circuit court may be lawfully required under Rule 9.5 or Rule 9.6 of the Arkansas Rules of Criminal Procedure, or any other rule.

It is well settled that an appellant must raise and make an argument at trial in order to preserve it for appeal. *First Arkansas Bail Bonds, Inc. v. State*, 373 Ark. 463, 284 S.W.3d 525

SLIP OPINION

(2008).  BBB's argument is not preserved because it was not raised below at the show-cause hearing or in BBB's motion to dismiss.  Furthermore, BBB has offered no convincing argument or citation to authority for its claim that the notice sent to Harris did not comply with the statute.  Our courts do not consider an argument, even a constitutional one, when the appellant presents no citation to authority or convincing argument in its support, and it is not apparent without further research that the argument is well taken.  *Hollis v. State*, 346 Ark. 175, 55 S.W.3d 756 (2001).

To the extent BBB argues that the judgment should be reversed because the State failed to pursue the original forfeiture proceeding, this argument has no merit.  In compliance with Arkansas Code Annotated section 16-84-207(b), a summons was issued to BBB immediately after Harris failed to appear on both occasions—July 22, 2013, and September 4, 2014.  The show-cause hearing was held based on the second failure to appear, and the bond was forfeited as a result.  BBB presents no citation to authority or convincing argument in support of its claim that the proper procedures were not followed.

Affirmed.

GLOVER and HOOFMAN, JJ., agree.

*Charles D. Hancock*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.