# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–16–84

| | |
|---|---|
| JERROD TRISTAN BAKER<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** October 5, 2016<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. CR-662014-607]<br><br>HONORABLE J. MICHAEL FITZHUGH, JUDGE<br><br><br>AFFIRMED |

## CLIFF HOOFMAN, Judge

Appellant Jerrod Tristan Baker appeals the revocation of his suspended imposition of sentence (SIS). On appeal, he argues that there was insufficient evidence on which to revoke his SIS. We affirm.

On March 18, 2015, appellant pleaded guilty to misdemeanor theft of property. Appellant was placed on suspended imposition of sentence (SIS) for one year, contingent on appellant's compliance with certain conditions, which included that he not violate any federal, state, or municipal laws. A judgment was entered on March 18, 2015, outlining the agreed terms of one year of SIS with the specified conditions. Appellant's signature is on this judgment along with the trial judge's signature.

The State initially filed a petition to revoke in August 2015, asserting the following violations: (1) that on July 22, 2015, appellant had committed aggravated assault on a family

or household member and second-degree domestic battery and (2) that appellant had failed to pay fines, fees, and costs as ordered. The State amended its petition in September 2015 to restate the prior allegations and to allege additional criminal acts by appellant that had occurred on September 20, 2015: (1) violation of an order of protection, (2) breaking or entering, and (3) public intoxication.

The petition was heard on November 4, 2015. All of the criminal allegations related to events involving Tracy Eckert, appellant's former girlfriend. She testified that they dated for about six months and lived together at her home in Greenwood, Arkansas, for about two months. She explained that on July 22, 2015, they had argued and she told appellant that they needed a break. Appellant went back later and broke the chain lock on the back door to enter her home. Appellant entered her bedroom, pushed her off the bed, and hit her in the face once or twice, although Tracy was not sure how many times he struck her. She said that appellant also choked her; she could not breathe; she gagged and almost threw up, so he let go; and she was scared. Tracy said that she suffered broken teeth, a broken nose, and a black eye. Tracy reported this to the police the next morning, and pictures were taken of her injuries. The color photographs were entered into evidence. Tracy obtained a protective order that would be in effect for one year, and it prohibited appellant from initiating any contact with her, directly or indirectly. The August 25, 2015 protective order was entered into evidence.

On September 20, 2015, appellant was arrested at Tracy's residence. Tracy and her friend Whitney Smith were at Tracy's house. Whitney testified that appellant had repeatedly

called about coming over to the house, but she was certain that Tracy, who was in bed, did not want him to come. Appellant came anyway, and as he was "beating on the door" and kicking it, Whitney called 911. A Greenwood police officer responded to the call and found appellant, who appeared to be intoxicated, hiding in a nearby shed.

Appellant's mother testified on behalf of her son with regard to the events of September 20, stating that he was invited to Tracy's house even though he knew he was not supposed to be at her house. On cross-examination, Whitney was asked whether she invited appellant to Tracy's house, based on certain text message exchanges. Whitney testified that her text was not meant to be an invitation; rather, she was trying to determine if she needed to take precautions if he did come.

The State entered into evidence a certified copy of the Greenwood, Arkansas, district court transcript of judgment, wherein appellant pleaded guilty to violation of a protection order based on the September 20 events. The guilty plea was entered on October 7, 2015.

At the conclusion of the hearing, the trial judge ruled that the State had proved by a preponderance of the evidence, shown by the testimony and exhibits, that appellant was in violation of the terms of his SIS. After a judgment upon revocation was filed, a timely notice of appeal followed.

Pursuant to Arkansas Code Annotated section 16-93-308(d) (Supp. 2015), a trial court may revoke a defendant's probation or suspension at any time prior to the expiration of the period of probation or suspension if the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a term or condition of his probation or

SLIP OPINION

suspension. The burden is on the State to prove a violation of a term or condition by a preponderance of the evidence. *Sanders v. State*, 2010 Ark. App. 563. On appeal, the trial court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Cargill v. State*, 2011 Ark. App. 322. Because a determination of the preponderance of the evidence turns heavily on questions of credibility and weight to be given to the testimony, the appellate courts defer to the trial court's superior position in this regard. *Id*. Only one violation of the conditions of probation must be proved to support a revocation. *Robinson v. State*, 2014 Ark. App. 579, 446 S.W.3d 190; *see also King v. State*, 2016 Ark. App. 292, __ S.W.3d __. Evidence that is insufficient for a criminal conviction may be sufficient for a revocation proceeding because the burdens of proof are different. *Short v. State*, 2016 Ark. App. 335.

Here, appellant argues on appeal that the trial court's decision is clearly erroneous because the evidence was insufficient to find him in violation of the law with regard to his September 20 appearance at Tracy's house, which related to the allegations of breaking or entering, public intoxication, and violation of an order of protection. He does not argue that the decision is clearly erroneous as to the July 22 allegations, which were assault on a family or household member and second-degree domestic battery. When a trial court bases its decision on multiple, independent grounds, and an appellant challenges only one of those grounds on appeal, we can affirm without addressing the merits of the argument. *See Pugh v. State*, 351 Ark. 5, 89 S.W.3d 909 (2002); *Williams v. State*, 2015 Ark. App. 245, 459 S.W.3d 814; *Morgan v. State*, 2012 Ark. App. 357. Such is the case here. Although it is not necessary

SLIP OPINION

to address the grounds for revocation that concern the events of September 20, we hasten to add that the trial court did not clearly err in revoking his SIS because appellant pleaded guilty to violating the order of protection.

Appellant also asserts on appeal that the State neither entered into evidence the actual SIS document, nor asked the trial court to take judicial notice of the original order placing him on SIS, such that there is insufficient proof that appellant was on a term of suspension when these alleged violations occurred. Appellant failed to raise this objection to the trial court or obtain a ruling on it, precluding consideration of this issue on appeal. *Young v. State*, 370 Ark. 147, 257 S.W.3d 870 (2007). This court has held, specifically with regard to revocation proceedings, that an argument that the State failed to introduce a copy of the terms and conditions of a suspended sentence is a procedural objection that must be raised before the circuit court. *Myers v. State*, 2014 Ark. App. 720, at 3, 451 S.W.3d 588, 590; *Cotta v. State*, 2013 Ark. App. 117; *Whitener v. State*, 96 Ark. App. 354, 241 S.W.3d 779 (2006). Appellant cites no authority for the proposition that the State's failure to specifically ask the trial court to take judicial notice of the SIS judgment already in the record constitutes a failure of proof and equates to a sufficiency-of-the-evidence problem. Our courts do not consider an argument when the appellant presents no citation to authority or convincing argument in its support and it is not apparent without further research that the argument is well taken. *Hollis v. State*, 346 Ark. 175, 55 S.W.3d 756 (2001); *Beth's Bail Bonds, Inc. v. State*, 2016 Ark. App. 171, 486 S.W.3d 240.

Affirmed.



GRUBER and WHITEAKER, JJ., agree.

*Aubrey L. Barr*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., and *Houston Garner*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the Supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.