RAYMOND R. ABRAMSON, Judge
Jay Richard Keyes appeals the Sebastian County Circuit Court order revoking his suspended sentence. On appeal, Keyes argues that the State did not establish that he violated a term or condition of his suspended sentence. We affirm.
*168 On August 21, 2013, Keyes pled guilty to overdraft in case number CR-2009-390, and the Sebastian County Circuit Court sentenced him to 42 months' probation and 120 months' suspended sentence. The terms and conditions of his suspended sentence included that he not violate any federal, state, or municipal law and that he pay restitution, fines, fees, and court costs.
On August 18, 2016, the State filed a petition to revoke Keyes's suspended sentence. In the petition, the State alleged that Keyes had violated the terms and conditions of his suspended sentence by not paying restitution, fines, fees, and court costs. On April 25, 2018, the State amended its petition to include the allegation that Keyes had committed the offense of abuse of an adult between January 1 and April 18, 2018.
The court held a hearing on the petition on August 9, 2018. At the hearing, the State introduced Keyes's restitution-case profile for case number CR-2009-390. The profile is dated August 8, 2018, and shows that Keyes had made no restitution payments and had a balance of $ 754.28. The State also introduced into evidence Keyes's case profile for case number CR-2009-390. The profile is dated August 8, 2018, and shows that Keyes had made no payments toward fines, fees, and court costs and had a balance of $ 1,621.
Jose Pacheco, a patrolman with the Fort Smith Police Department, then testified that on April 18, 2018, he was dispatched for a welfare check at the apartment of Frank Feltman, who was ninety years old. Specifically, Feltman's son had requested the check because his stepbrother, Keyes, had informed him that Feltman was dying. Pacheco testified that Keyes opened the door to the apartment and permitted him inside. He stated that the apartment had a strong unpleasant odor and was littered with trash, pet hair, and dust. Pacheco stated that he saw Feltman sitting in a recliner with a blanket but no clothing and that "he was literally skin and bones." Pacheco graphically described the very unclean condition that Feltman had been sitting in and stated that Feltman could only open one eye.
Keyes then testified that Feltman had married his mother when he was ten years old. He explained that in their old age, Feltman and his mother had lived together in an assisted-living facility, but after his mother died, Feltman wanted to live with Keyes rather than alone. Keyes testified that he was happy to host Feltman and that he adequately cared for him. He acknowledged that Feltman's health had deteriorated, but he did not seek medical attention because Feltman had expressed to him that he wanted to die at home. Keyes also testified that he thought that he had made all of his court-ordered payments a long time ago.
At the conclusion of the hearing, the circuit court found that Keyes had violated the terms and conditions of his suspended sentence by committing abuse of an adult and by failing to pay restitution, fines, fees, and court costs. The court revoked his suspended sentence and sentenced him to six years in the Arkansas Department of Correction. Keyes timely appealed the revocation to this court.
Pursuant to Arkansas Code Annotated section 16-93-308(d) (Supp. 2015), a circuit court may revoke a defendant's suspended sentence at any time prior to the expiration of the period of suspended sentence if the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a term or condition. The burden is on the State to prove a violation of a term or condition by a preponderance of the evidence.
*169 Baker v. State , 2016 Ark. App. 468, 2016 WL 5799478. On appeal, the circuit court's findings will be upheld unless they are clearly against the preponderance of the evidence. Id. Because a determination of the preponderance of the evidence turns heavily on questions of credibility and weight to be given to the testimony, the appellate courts defer to the circuit court's superior position in this regard. Id. Only one violation of the conditions of probation must be proved to support a revocation. Id. Evidence that is insufficient for a criminal conviction may be sufficient for a revocation proceeding because the burdens of proof are different. Id.
Keyes first argues that the State did not establish that he did not pay his court-ordered restitution, fines, fees, and costs. He recognizes that the State introduced the case profile and the restitution-case profile showing balances. However, he points out that no one testified that the documents accurately reflected what he owed, and he argues that without such testimony, the court had no basis to find that he had not made the required payments.
The circuit court may revoke probation if the defendant has not made a good-faith effort to make his court-ordered payments. Rhoades v. State , 2010 Ark. App. 730, 379 S.W.3d 659. While the State has the burden of proving that the failure to pay is inexcusable, once the State has introduced evidence of nonpayment, the burden of going forward shifts to the defendant to offer some reasonable excuse for the failure to pay. Id.
Here, the case profiles show that Keyes had made no payments for restitution, fines, fees, and costs, and when the State introduced the documents, Keyes did not object to their admissibility. We defer to the superior position of the circuit court to determine questions of credibility and the weight to be given the evidence. Baker , 2016 Ark. App. 468. We therefore hold that the circuit court did not clearly err in finding that the State proved by a preponderance of the evidence that Keyes inexcusably failed to pay restitution, fines, fees, and costs. Because the State need only prove that Keyes violated one condition of his suspended sentence, we do not address Keyes's argument concerning the second violation found by the circuit court.
Affirmed.
Klappenbach and Brown, JJ., agree.