Cite as 2019 Ark. App. 346

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR-19-50

| | |
|---|---|
| DAVID LEE SCROGGINS<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** August 28, 2019<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-18-580]<br><br><br>HONORABLE H.G. FOSTER, JUDGE<br><br>AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant David Scroggins appeals an order from the Faulkner County Circuit Court revoking his probation and sentencing him to six years in the Arkansas Department of Correction (ADC). Scroggins raises two arguments for reversal: (1) the State failed to prove that he inexcusably violated the terms and conditions of his probation, and (2) the six-year sentence imposed by the circuit court was disproportionate to the nature of his violation. We find no error and affirm.

Pursuant to Arkansas Code Annotated section 16-93-308(d) (Supp. 2015), a circuit court may revoke a defendant's suspended sentence at any time prior to the expiration of the period of suspended sentence if the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a term or condition. *Keyes v. State*, 2019 Ark. App. 202. The burden is on the State to prove a violation of a term or condition

by a preponderance of the evidence. *Baker v. State*, 2016 Ark. App. 468. On appeal, the circuit court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Id*. Because a determination of the preponderance of the evidence turns heavily on questions of credibility and weight to be given to the testimony, the appellate courts defer to the circuit court's superior position in this regard. *Id*. Only one violation of the conditions of probation must be proved to support a revocation. *Id*. Evidence that is insufficient for a criminal conviction may be sufficient for a revocation proceeding because the burdens of proof are different. *Keyes*, *supra*. Having set out our standard of review, we now consider the evidence before the circuit court at Scroggins's revocation hearing.

Scroggins pled guilty in June 2018 to one count of third-degree domestic battery, a Class D felony, and received sixty months' probation. Approximately two months later, in August 2018, the State filed a petition to revoke Scroggins's probation, alleging that he had violated numerous conditions. The circuit court held a hearing on the State's petition and heard testimony from Scroggins's probation officer, Audriana Passafiume. According to Passafiume, Scroggins had not complied with the conditions of his probation. When Scroggins was sentenced to probation on June 11, 2018, he was advised to report on July 16. He failed to report. Passafiume, along with another officer, began to search for Scroggins. They located him at the home of another probationer. Scroggins was not cooperative with Passafiume; he became combative and verbally aggressive and made threats to Passafiume and the other officer, saying things like "I'll kill you," "Get off me 'B,'" and "Get off me big black motherfucker." Although Passafiume felt that she could have charged Scroggins

with felony terroristic threatening, she did not. Instead, she administratively imposed a three-day detention due to Scroggins's failure to report.

After his release from detention, Scroggins reported to Passafiume as directed. At this meeting, Scroggins, who had previously admitted using marijuana and methamphetamine, apologized for his conduct and discussed with Passafiume his drug use and how this affected his behavior. In his postdetention meeting with Passafiume, Scroggins told Passafiume that he struggled with addiction, which was preventing him from returning to a previous job. On the basis of that statement, Passafiume scheduled Scroggins for a substance-abuse assessment on August 10 and a return appointment with her on August 15. Scroggins failed to appear on either date.

Once again, Passafiume began to search for Scroggins. She attempted to conduct a home visit on August 17, but he was not there, so she left a note for Scroggins to report on August 20. She subsequently received information that Scroggins no longer lived at that address. She eventually found Scroggins living with another probationer in violation of his conditions of probation. In addition, Passafiume reported that Scroggins never made any of his required payments, which included $70 in supervision fees and fines of $1,695. In short, she said, "He's done nothing that he was supposed to do." Passafiume was the only witness to present any evidence to the court. Scroggins did not testify or offer any evidence at the revocation hearing. At the conclusion of the hearing, the circuit court revoked Scroggins's probation and, as noted above, sentenced him to six years in the ADC.

In his first argument on appeal, Scroggins contends that the State failed to prove that he inexcusably violated the terms and conditions of his probation. Among those conditions

were the requirements that he not violate any local, state, or federal laws; abstain from illegal drug use; refrain from consorting with persons who have been convicted of felonies; report to the probation office as directed; and pay all costs, fees, fines, and restitution ordered by the court.

Here, the State put on testimony showing that Scroggins engaged in threatening behavior in violation of state law. Additionally, the State put on testimony that Scroggins admitted using drugs, consorted with persons who had been convicted of felonies, failed to report to his probation officer, and failed to make payments as ordered, all in violation of his conditions of probation. While the burden of proof did not shift, once the State introduced evidence of a violation, the burden of going forward shifted to Scroggins to offer some reasonable excuse for his failure to comply. *See Flowers v. State*, 2009 Ark. App. 391; *Reese v. State*, 26 Ark. App. 42, 759 S.W.2d 576 (1988).

On appeal, Scroggins contends that the State failed to meet its burden because he was unemployed, had goals to regain employment, had "some form of substance addiction," and had a "serious medical condition." However, Scroggins offered no proof to the circuit court on these matters or any other reasonable excuse for his failure to comply. When an appellant fails to offer an explanation for his or her failure to report, for example, this court will affirm the circuit court's revocation of probation. *See Sanders v. State*, 2010 Ark. App. 563. Moreover, to the extent that Scroggins argues that his violations were "technical [in] nature," this court has noted that "[e]ven de minimis violations may support revocation of a probationary sentence." *Simmons v. State*, 13 Ark. App. 208, 210, 681 S.W.2d 422, 423 (1985). Accordingly, we affirm the circuit court's revocation of Scroggins's probation.

4

In his second argument on appeal, Scroggins argues that the "six-year sentence to [the] ADC was wholly disproportionate to the nature of the offense and was excessive." Here, he notes that probation officers have the authority to administratively sanction a probationer without utilizing the revocation process, *see* Ark. Code Ann. § 16-93-306(d) (Supp. 2017), and he argues that the "technical" aspect of his violation should have warranted a lesser sanction.

As the State notes, however, Scroggins failed to object to his sentence when the circuit court pronounced it. Our supreme court has held that "[a] defendant who makes no objection at the time sentence is imposed has no standing to complain of it." *Ladwig v. State*, 328 Ark. 241, 246, 943 S.W.2d 571, 574 (1997); *see also Pfeifer v. State*, 2012 Ark. App. 556, at 4 (holding that an argument pertaining to a sentence following revocation of probation was not preserved because appellant failed to object to the sentence when it was imposed); *Cline v. State*, 2011 Ark. App. 315, at 3 (refusing to consider an argument that a sentencing decision following revocation of suspended imposition of sentence was unduly harsh because appellant failed to object to the sentences at the time they were imposed). Because Scroggins failed to object to his sentence when the circuit court imposed it, his argument is not preserved for appeal.

Affirmed.

GRUBER, C.J., and SWITZER, J., agree.

*Dusti Standridge*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.

5