Cite as 2020 Ark. App. 369

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR–19–967

| | |
|---|---|
| GREGORY HAMPTON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** September 2, 2020<br><br>APPEAL FROM THE CLAY COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. 11CCR-16-79]<br><br>HONORABLE BRENT DAVIS, JUDGE<br><br>REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

**PHILLIP T. WHITEAKER, Judge**

Gregory Hampton appeals a Clay County Circuit Court order revoking his probation and sentencing him to eighteen months' imprisonment in a regional correctional facility followed by fifty-four months' suspended imposition of sentence. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Hampton's counsel has filed a no-merit brief and a motion to withdraw asserting that there are no issues of arguable merit to raise on appeal. Because counsel's brief is not in compliance with *Anders* and Rule 4-3(k)(1), we order rebriefing and deny without prejudice counsel's motion to withdraw.

In order to comply with Rule 4-3(k)(1), Hampton's counsel must provide a no-merit brief containing an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either

party along with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Our rules also require that the abstract and addendum contain all rulings adverse to the defendant made by the circuit court. Ark. Sup. Ct. R. 4–3(k)(1).

In our review of the record, we identified two rulings decided adversely to Hampton: the circuit court's decision to revoke Hampton's probation and the circuit court's denial of Hampton's request to have his probation reinstated. We have held that a circuit court's sentence of imprisonment despite a request for reinstatement of probation is an adverse ruling that must be addressed. *See id*.; *see also Liddell v. State*, 2015 Ark. App. 172 (counsel failed to address adverse ruling that occurred when the circuit court pronounced the sentence in contravention of defendant's request that probation be left intact or that sentencing be deferred to a later date); *Swarthout v. State*, 2012 Ark. App. 46 (counsel failed to abstract or address the circuit court's denial of defendant's request for a transfer to veteran's treatment court or for probation).

Here, counsel addresses only the decision to revoke Hampton's probation. He does not address his request for probation reinstatement. A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4–3(k)(1), and rebriefing will be required. *Pettigrew v. State*, 2019 Ark. App. 336.

Accordingly, we order counsel to cure this deficiency by filing a substituted brief within fifteen days from the date of this opinion. We express no opinion as to whether the new brief should be a no-merit brief pursuant to Rule 4–3(k)(1) or should be on meritorious grounds. If a no-merit brief is filed, counsel's motion and brief will be forwarded by our

2

clerk to Hampton so that, within thirty days, he again will have the opportunity to raise any points he so chooses in accordance with Rule 4–3(k)(2).

Rebriefing ordered; motion to withdraw denied.

MURPHY and HIXSON, JJ., agree.

*Skarda & Lonidier P.L.L.C.*, by: *Kirk B. Lonidier*, for appellant.

One brief only.