Cite as 2021 Ark. App. 75

# ARKANSAS COURT OF APPEALS
## DIVISION IV
**No.** CR-19-967

GREGORY HAMPTON

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered:** February 17, 2021

APPEAL FROM THE CLAY COUNTY CIRCUIT COURT, WESTERN DISTRICT
[NO. 11CCR-16-79]

HONORABLE BRENT DAVIS, JUDGE

AFFIRMED; MOTION TO WITHDRAW GRANTED

---

## PHILLIP T. WHITEAKER, Judge

Gregory Hampton appeals the order of the Clay County Circuit Court revoking his probation and sentencing him to eighteen months' imprisonment in the Regional Correctional Facility followed by fifty-four months' suspended imposition of sentence.[1] Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Hampton's counsel has filed a no-merit brief and a motion to withdraw asserting that there is no issue of arguable merit to raise on

---

[1]This is the second time this case has been before us. In our previous opinion, we denied counsel's motion to withdraw without prejudice and ordered rebriefing as the previously filed no merit brief did not identify and discuss all adverse rulings. *Hampton v. State*, 2020 Ark. App. 369.

appeal.[2] In his brief, counsel identifies two adverse rulings: the sufficiency of the evidence to support Hampton's revocation and the denial of Hampton's request to have his probation reinstated. From our review of the record and the brief presented, we find that counsel's brief is in compliance with *Anders* and Rule 4–3(k)(1) and that there are no issues of arguable merit to support reversal. Accordingly, we affirm and grant counsel's motion to withdraw.

In April 2018, Gregory Hampton pled guilty to possession of drug paraphernalia, to ingest/inhale. He was sentenced to five years' probation. As a condition of his probation, he agreed not to (1) commit a criminal act punishable by imprisonment; (2) use, sell, distribute, or possess any controlled substance; or (3) associate with any persons engaged in criminal activity.

On July 17, 2019, Hampton was arrested for possession of drug paraphernalia. The Corning Police Department was aware of high traffic to and from a home located on Cherry Street in Corning. From observations of the home, officers learned that Hampton was an occupant. After confirming Hampton's probation status, they conducted a probation search of a residence. Hampton and two other people were present at the time of the search. During the search, officers found a clear glass pipe in a cabinet under the bathroom sink; the pipe field tested positive for methamphetamine. In Hampton's bedroom, officers searched a yellow toolbox with Hampton's name on it and found a water bong inside that field tested positive for methamphetamine. Officers also found a marijuana pipe in a barbecue grill just outside the residence. Hampton denied that the items seized during the

---

[2]The clerk of this court mailed a certified copy of counsel's motion and brief to Hampton at his last known address, informing him of his right to file pro se points for reversal; however, the packet was returned as undeliverable.

2

search were his. He did, however, confirm that the home searched was his residence, even though the address of the home searched was different than the one Hampton had provided to his probation officer.

Approximately one month after his arrest, the State filed a petition to revoke, alleging that Hampton had willfully failed multiple drug screens, had failed to report a change of address to his probation officer, and had committed a criminal act punishable by imprisonment.[3] Hampton pled not guilty to the revocation and proceeded to a revocation hearing. At the hearing, officers from the Corning Police Department testified concerning the events of July 17. The court also heard testimony from Hampton's probation officer confirming that Hampton had failed four drug screens and had failed to report a change of address.

After considering the evidence introduced at the revocation hearing, the trial court found that Hampton had violated the terms and conditions of his probation. Specifically, the court found that Hampton had engaged in criminal activity given that a water bong that tested positive for methamphetamine had been found in a toolbox with his name on it and that he had failed multiple drug screens. The court revoked his probation and sentenced him to eighteen months in the regional correctional facility followed by fifty-four months' suspended imposition of sentence.

---

[3]The State also alleged that Hamilton had failed to report, failed to pay, and failed to maintain employment. The circuit court found that the State did not meet its burden of proof to revoke Hamilton's probation on these allegations.

Hampton appeals the revocation of his probation. In a revocation proceeding, the State carries the burden to prove a violation of a term or condition by a preponderance of the evidence. *Baker v. State*, 2016 Ark. App. 468. Pursuant to Arkansas Code Annotated section 16-93-308(d) (Supp. 2019), a trial court may revoke a defendant's suspended sentence at any time prior to the expiration of the period of suspended sentence if the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a term or condition. *Keyes v. State*, 2019 Ark. App. 202, 575 S.W.3d 166. On appeal, we uphold the trial court's findings unless they are clearly against the preponderance of the evidence. *Id.*

Here, the trial court found that Hampton had failed multiple drug screens. We uphold this finding as it is supported by a preponderance of the evidence. Hampton was under a condition of probation not to use, sell, distribute, or possess any controlled substance. The court received undisputed evidence that Hampton failed four drug screens—two were positive for methamphetamine and two were positive for marijuana. Thus, Hampton violated a term and condition of his probation. As only one violation of the conditions of probation must be proved to support a revocation, *Tyler v. State*, 2021 Ark. App. 23, 616 S.W.3d 663, we agree with counsel that there is no merit to an appeal of the sufficiency of the evidence to support Hampton's revocation.

The only other adverse ruling is the trial court's decision not to reinstate Hampton's probation. In his brief, counsel asserts that there is no merit to an appeal of this decision. We agree. In a revocation proceeding, the trial court has discretion in the sentence imposed and is authorized to impose any sentence that it could have imposed originally. *See Henderson*

4

*v. State*, 322 Ark. 402, 910 S.W.2d 656 (1995); Ark. Code Ann. § 5-4-309(f)(1)(A) (Repl. 2006). Here, Hampton was sentenced within the statutory guidelines, and the trial court stated that it was sentencing him to a term of imprisonment for a sufficient length of time for him to complete the nine-month drug-treatment course. Thus, the trial court clearly exercised its discretion in setting the sentence.

Affirmed; motion to withdraw granted.

HARRISON, C.J., and MURPHY, J., agree.

*Skarda & Lonidier P.L.L.C.*, by: *Kirk B. Lonidier*, for appellant.

One brief only.