Cite as 2021 Ark. App. 291

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR-20-332

|  |  |  |
|---|---|---|
| ERIC ALAN COON | APPELLANT | **Opinion Delivered** June 2, 2021 |
|  |  | APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. 22CR-16-15] |
| V. |  |  |
| STATE OF ARKANSAS | APPELLEE | HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE |
|  |  | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## PHILLIP T. WHITEAKER, Judge

The Drew County Circuit Court revoked the probation of Eric Alan Coon and sentenced him to ten years' imprisonment in the Arkansas Department of Correction. Eric filed an appeal. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Eric's counsel has filed a no-merit brief and a motion to withdraw asserting that there is no issue of arguable merit to raise on appeal. In his brief, counsel correctly identifies only one adverse ruling: the sufficiency of the evidence to support his revocation. From our review of the record and the brief presented, we find that counsel's brief is in compliance with *Anders* and Rule 4-3(k)(1) and that there are no issues of arguable merit to support reversal. Accordingly, we affirm and grant counsel's motion to withdraw.

In March 2017, Eric pled guilty to possession of a defaced firearm and possession of a firearm by certain persons.[1] He was sentenced to five years' probation. As a condition of his probation, he agreed (1) not to commit a criminal act punishable by confinement in jail or prison; (2) not to use, sell, distribute, or possess any controlled substance; (3) to report as directed to his probation officer; and (4) to pay his fines, fees, and costs.

In November 2019, the State filed a petition to revoke alleging that Eric committed a new offense, second-degree battery; consumed controlled substances—namely, marijuana, amphetamines, and cocaine; failed to report to his probation officer; and failed to pay his costs and fines. To these allegations, Eric pled not guilty.

The court conducted a revocation hearing. The court heard testimony from Eric's probation officer confirming that Eric had failed three drug screens and that he had only recently become current on his fines and costs. Concerning the allegation of a new offense, the court heard from Officer Rick Harvey and from Ken Coon, Eric's father. Officer Harvey testified that he went to a home occupied by Ken and Eric in response to a stabbing incident. He observed a significant amount of blood in the kitchen area of the home and took a photograph of the scene. The State introduced the photograph into evidence at the revocation hearing.[2] Officer Harvey also spoke with Ken. Ken told Officer Harvey that Eric had stabbed him in the leg with a knife.

---

[1]Eric had also been charged with one count of first-degree false imprisonment and one count of possession of drug paraphernalia. Those charges were nolle prossed as a result of the plea agreement.

[2]The photograph is also a part of the record on appeal.

Ken also testified at the hearing concerning the stabbing incident. He admitted that he sustained a knife wound to his leg that required him to go to the emergency room, and he admitted that on the night of the injury, he told Officer Harvey that Eric stabbed him. At the revocation hearing, Ken, however, denied that he knew who stabbed him. Instead, he claimed that he suffered from PTSD, had taken some medicine, and had gone to bed. He awoke to find Eric pulling the knife out of his leg.

After considering the evidence introduced at the revocation hearing, the trial court found that Eric had violated the terms and conditions of his probation by committing a new offense—second-degree battery—when he stabbed his father, Ken, in the leg. The court did not make any findings with respect to the other alleged violations. After revoking his probation, the court sentenced him ten years in the Arkansas Department of Correction.

Eric appeals the revocation of his probation. In a revocation proceeding, the State carries the burden of proving a violation of a term or condition by a preponderance of the evidence. *Baker v. State*, 2016 Ark. App. 468. Pursuant to Arkansas Code Annotated section 16-93-308(d) (Supp. 2019), a trial court may revoke a defendant's suspended sentence at any time prior to the expiration of the period of suspended sentence if the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a term or condition. *Keyes v. State*, 2019 Ark. App. 202, 575 S.W.3d 166. On appeal, we uphold the trial court's findings unless they are clearly against the preponderance of the evidence. *Id.*

Here, the trial court found that Eric had committed the offense of second-degree battery against his father. We uphold this finding because it is supported by a preponderance

of the evidence. On the night of the incident, Eric's father told the officers that Eric had stabbed him. He later testified that, other than himself, Eric was the only one who could have stabbed him and that he saw Eric removing the knife from his leg. A picture introduced into evidence was consistent with the story he told the officers and showed that he had incurred a significant amount of blood loss. Thus, there was sufficient evidence from which the trial court could find that Eric had violated a term and condition of his probation by committing a criminal offense. As only one violation of the conditions of probation must be proved to support a revocation, *Tyler v. State*, 2021 Ark. App. 23, 616 S.W.3d 663, we agree with counsel that there is no merit to an appeal of the sufficiency of the evidence supporting Eric's revocation.

Affirmed; motion to withdraw granted.

GRUBER and BARRETT, JJ., agree.

*Eric Moore*, for appellant.

One brief only.