Cite as 2025 Ark. App. 170

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CR-24-574

| | | |
|---|---|---|
| SHADRACK WARD | | Opinion Delivered March 12, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. 16JCR-13-830] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE SCOTT A. ELLINGTON, JUDGE |
| | | |
| | | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Shadrack Ward appeals from an order of the Craighead County Circuit Court revoking his suspended imposition of sentence (SIS) for the underlying charge of arson. He contends that the circuit court erred by revoking his SIS because there was no proof that he willfully failed to pay and that there was no consideration or evidence concerning his new charges during the revocation hearing. We affirm.

The State filed a revocation petition on March 31, 2022, contending that appellant had violated the terms and conditions of his SIS by failing to live a law-abiding life. More specifically, the State alleged that appellant had committed murder on November 21, 2021, and that he committed several drug-related crimes as well as possession of firearms by certain

persons on February 8, 2022. The State also alleged that appellant had failed to pay his court-ordered restitution, fines, and court costs.

Appellant's revocation hearing took place on February 15, 2024.[1] The revocation hearing covered two cases: the revocation involved in this appeal and the revocation in the companion case, *Ward v. State* (possession of firearms by certain person).[2] Becky Mahan, the fine and fee collector for the Craighead County Sheriff's Office, testified that appellant had only made the following payments: $40 on December 8, 2020; $20 on February 5, 2021; and $50 on March 5, 2021. According to Mahan, appellant still owed $71,350. Appellant's payment history was entered into evidence without objection. On cross-examination, Mahan testified that appellant had made payments in other cases. The payment records for appellant's other cases were admitted into evidence without objection.

The circuit court found appellant in violation of his SIS and sentenced him to eight years' imprisonment. The sentencing order was entered on February 15. This appeal followed.

An SIS may be revoked when the circuit court finds by a preponderance of the evidence that the defendant has inexcusably violated a condition of the SIS.[3] When multiple

---

[1]The revocation hearing followed appellant's criminal trial for the underlying charge of murder, for which he was found guilty.

[2]Appellant separately appealed his revocation in the companion case, *Ward v. State*, 2025 Ark. App. 169, ___S.W.3d ___, which is also being handed down today.

[3]*Joseph v. State*, 2019 Ark. App. 276, 577 S.W.3d 55.

2

violations are alleged, a circuit court's revocation will be affirmed if the evidence is sufficient to establish that the appellant violated any one condition of the SIS.[4] A circuit court's revocation of an SIS will be affirmed on appeal unless the decision is clearly against the preponderance of the evidence.[5] This court defers to the circuit court's determinations regarding witness credibility and the weight to be accorded testimony.[6]

When the alleged violation is a failure to make payments as ordered, it is the State's burden to prove that the failure to pay was inexcusable; once the State has introduced evidence of nonpayment, the burden of going forward shifts to the defendant to offer some reasonable excuse for failing to pay.[7] Factors to be considered in determining whether to revoke a probation or suspension for failure to pay include the defendant's employment status, earning ability, and financial resources as well as the willfulness of the failure to pay and any other special circumstances.[8]

Here, the State presented evidence that appellant had paid less than $200 in this case, and the payment records were introduced without objection. Appellant introduced payment records for other cases showing that he had made payments in those cases. He now contends

---

[4]*Daniels v. State*, 2019 Ark. App. 473, 588 S.W.3d 116.

[5]*Id.*

[6]*Id.*

[7]*Webster v. State*, 2019 Ark. App. 454, 588 S.W.3d 95.

[8]Ark. Code Ann. § 5-4-205(f)(3) (Supp. 2021).

that there was no evidence that his failure to pay the fees in this case was willful. Appellant presented no evidence concerning his nonpayment. Thus, he failed to meet his burden to offer a reasonable excuse for his failure to pay. The fact that he made payments in his other cases supports a finding that his failure to pay was inexcusable. The circuit court's determination that appellant violated his SIS due to nonpayment was not clearly erroneous, and we affirm. Because we affirm the SIS based on appellant's willful failure to pay, it is unnecessary to address his argument concerning his failure to live a law-abiding life by committing new criminal offenses because the State need only prove one violation to sustain the revocation.

Affirmed.

ABRAMSON and HIXSON, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.

4