Cite as 2025 Ark. App. 169

# ARKANSAS COURT OF APPEALS

DIVISION I

No. CR-24-573

|  |  |
|---|---|
| SHADRACK WARD | **Opinion Delivered** March 12, 2025 |
| APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT |
| V. | [NO. 16JCR-14-196] |
| STATE OF ARKANSAS | HONORABLE SCOTT A. ELLINGTON, JUDGE |
| APPELLEE | REMANDED TO SETTLE AND SUPPLEMENT THE RECORD |

## WAYMOND M. BROWN, Judge

Appellant Shadrack Ward appeals an order of the Craighead County Circuit Court revoking his suspended imposition of sentence (SIS). On appeal, Ward argues there was insufficient evidence to support the revocation decision. We remand to settle and supplement the record.

On August 14, 2014, in case number 16JCR-14-196, Ward pleaded guilty to possession of firearms by certain persons, a Class B felony; he was sentenced to ten years' incarceration followed by ten years' SIS. Ward was also ordered to pay $256 in court costs and fees in $50 monthly installments beginning ninety days after his release from confinement. Also on August 14, in case number 16JCR-13-0830, Ward pleaded guilty to arson, a Class A felony; he was sentenced to twenty-two years' incarceration with an additional eight years' SIS. Ward was also ordered to pay $71,290 in restitution in $150 monthly installments. The sentences in the two cases were ordered to run concurrently.

On March 31, 2022, the State filed a petition to revoke Ward's SIS in both cases. Although the appeals of the revocations were submitted to this court separately, the revocation petitions proceeded together.[1] The revocation petition alleged that Ward violated the conditions of his SIS by failing to live a law-abiding life by committing first-degree murder on November 21, 2021; failing to live a law-abiding life by committing the crimes of possession of firearms by certain persons, possession of a controlled substance, and simultaneous possession of drugs and firearms on February 8, 2022; and failing to pay fines, court costs, and restitution as ordered.

The record presented to this court establishes that on February 13, 2024, while convened for Ward's murder trial, at the State's urging, the circuit court agreed "to hear the evidence for those two petitions to revoke. Alongside the rest of the evidence that's presented in this trial." The court then adjourned on the revocation matters and resumed revocation proceedings on February 15 after the last day of testimony in Ward's murder trial.

Becky Mahan, the fine and fee collector for the Craighead County Sheriff's Department, was the sole witness in the revocation hearing. She testified that Ward made three payments on his fines: $40 on December 8, 2020; $20 on February 5, 2021; and $50 on March 5, 2021. Mahan stated that Ward owed a balance of $71,350.[2] On cross-examination, she clarified that, in case number CR-14-196, the underlying case relevant to this appeal, Ward "owes zero balance on it. He made his last payment 4/15 of 2021."

---

[1]The appeal of the revocation in case number 16JCR-13-830 is currently pending before this court in companion case. *Ward v. State*, 2025 Ark. App. 170, ___ S.W.3d ___.

[2]The testimony reflects Ward's payment history and balance owed in case number 16JCR-13-0830, the companion case.

Without further testimony, the circuit court found there was sufficient evidence that Ward had violated the conditions of his SIS. He was sentenced to ten years' incarceration in the Arkansas Division of Correction to be served consecutively to the eight-year sentence imposed in the companion case, *Ward*, 2025 Ark. App. 70, ___ S.W.3d ___.

A court may revoke a defendant's suspended sentence at any time prior to the expiration of the period of the suspended sentence if the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a term or condition of the SIS.[3] The State has the burden of proving that a condition of the SIS was violated.[4] The State need only show that the defendant committed one violation in order to sustain a revocation.[5] We will not reverse the circuit court's findings unless they are clearly against the preponderance of the evidence.[6] We defer to the circuit court's superior position in determining the credibility of witnesses and the weight to be given to their testimony.[7] When the alleged violation involves the failure to pay ordered amounts, once the State has introduced evidence of nonpayment, the burden shifts to the probationer to provide a reasonable excuse for the failure to pay.[8]

---

[3] Ark. Code Ann. § 16-93-308(d) (Supp. 2023).

[4] *Baker v. State*, 2016 Ark. App. 468.

[5] *Vangilder v. State*, 2018 Ark. App. 385, 555 S.W.3d 413.

[6] *Baker*, *supra*.

[7] *Id*.

[8] *McGuire v. State*, 2014 Ark. App. 52.

On appeal, Ward argues that the State failed to prove that he violated either of the SIS conditions alleged in the revocation petition.

First, he asserts that the State failed to produce evidence of nonpayment in the instant case. We agree. The State's witness testified that Ward owed a zero balance on the case at bar; it was paid in full in April 2021, well before the March 2022 petition to revoke was filed.

Second, Ward argues that during the revocation hearing, no evidence was presented that he failed to live a law-abiding life by committing new offenses. During proceedings on the revocation petition, with no objection from Ward, the circuit court stated that evidence presented at Ward's simultaneously occurring jury trial would be considered in the revocation proceedings. Ward was ultimately convicted in that trial of the first-degree murder of his girlfriend, although, in ruling in the revocation proceeding, the circuit court did not recite the evidence elicited in that jury trial.

Because the circuit court made clear that the evidence in that trial would be considered, it may be used to support a finding that Ward violated the conditions of his SIS. However, there is no evidence before this court of the testimony or evidence presented in that trial.

We observe that Ward's underlying murder conviction is pending appeal before this court, and the record was brought forth in that case; however, there has been no motion to consolidate records or to supplement the record in the instant case with the jury trial transcript. If anything material to either party is omitted from the record by error or accident, we may direct that omission be corrected and, if necessary, that a supplemental record be certified and transmitted.[9]

---

[9]Ark. R. App. P.–Civ. 6(e) (made applicable to criminal cases by Ark. R. App. P.–Crim. 4(a)).

4

Because of the deficiency in the record, we remand to the circuit court to settle and supplement the record within thirty days with the necessary portions of the transcript from Ward's jury trial for first-degree murder because it is material and essential to our review of the circuit court's revocation decision. Upon filing the supplemental record, Ward's counsel shall have fifteen days in which to file a substituted brief. The State may revise or supplement its brief within fifteen days of the filing of Ward's brief or may rely on its previously filed brief.

Remanded to settle and supplement the record.

ABRAMSON and HIXSON, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.