Cite as 2025 Ark. App. 586

# ARKANSAS COURT OF APPEALS

DIVISION I

No. CR-24-573

| | |
|---|---|
| SHADRACK WARD | **Opinion Delivered** December 3, 2025 |
| APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT |
| V. | [NO. 16JCR-14-196] |
| STATE OF ARKANSAS | HONORABLE SCOTT A. ELLINGTON, JUDGE |
| APPELLEE | |
| | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Shadrack Ward appeals from an order of the Craighead County Circuit Court revoking his suspended imposition of sentence (SIS) for the underlying charge of possession of firearms by certain persons. On appeal, Ward argues that the circuit court erred by revoking his SIS because the State presented no evidence that he failed to pay court-ordered costs and fees, and there was no consideration or evidence concerning his new criminal charge during the revocation hearing.[1] We affirm.

On March 31, 2022, the State filed a petition to revoke Ward's SIS contending that he violated the conditions of his SIS by failing to live a law-abiding life. In the revocation petition, the State alleged that Ward committed first-degree murder on November 21, 2021, and that he committed the crimes of possession of firearms by certain persons, possession of a controlled

---

[1]We previously remanded this case to settle and supplement the record. The deficiency in the record has been cured. *See Ward v. State*, 2025 Ark. App. 169, 708 S.W.3d 143.

substance, and simultaneous possession of drugs and firearms on February 8, 2022. The State further alleged that he failed to pay his court-ordered fines, court costs, and restitution.

The February 15, 2024 revocation hearing concerned both the revocation connected to this appeal and the revocation in a companion case, *Ward v. State* (arson).[2] Becky Mahan, the fine and fee collector for the Craighead County Sheriff's Office, testified that Ward made three payments toward his arson case but still owed a balance of $71,350. The payment history was admitted into evidence without objection. On cross-examination, Mahan clarified that Ward had made payments in other cases. Specifically, she stated that he had a "zero balance" in the instant case; he paid it in full on April 15, 2021.

Without further testimony, the circuit court found there was sufficient evidence that Ward had violated the conditions of his SIS. He was sentenced to ten years' incarceration in the Arkansas Division of Correction to be served consecutively to the eight-year sentence imposed in the companion case. The sentencing order was entered on February 15. This appeal followed.

A court may revoke a defendant's suspended sentence at any time prior to the expiration of the period of the suspended sentence if the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a term or condition of the SIS.[3] The State has the burden of proving that a condition of the SIS was violated.[4] The State need only show that the

---

[2]Ward separately appealed his revocation in the companion case, *Ward v. State*, 2025 Ark. App. 170, 708 S.W.3d 424.

[3]Ark. Code Ann. § 16-93-308(d) (Supp. 2023).

[4]*Baker v. State*, 2016 Ark. App. 468.

defendant committed one violation in order to sustain a revocation.[5] We will not reverse the circuit court's findings unless they are clearly against the preponderance of the evidence.[6] We defer to the circuit court's superior position in determining the credibility of witnesses and the weight to be given to their testimony.[7]

On appeal, Ward argues that the State failed to prove that he violated either of the SIS conditions alleged in the revocation petition.

Ward argues that the circuit court erred by revoking his SIS because the State failed to produce evidence of nonpayment. He contends that the evidence is undisputed that he paid the fees owed on this case before the revocation petition was filed. We agree that the evidence demonstrates that Ward satisfied his payment obligations in the instant case.

However, in the revocation petition, the State also alleged that Ward violated the conditions of his SIS by failing to lead a law-abiding life. Ward asserts that during the revocation hearing, no evidence was presented regarding the commission of new criminal offenses.

The record reflects that on February 13, 2024, while convened for Ward's murder trial, the circuit court agreed "to hear the evidence for those two petitions to revoke. Alongside the rest of the evidence that's presented in this trial." The court then adjourned on the revocation matters.

---

[5]*Vangilder v. State*, 2018 Ark. App. 385, 555 S.W.3d 413.

[6]*Baker*, *supra*.

[7]*Id.*

Following the last day of testimony, resulting in Ward's first-degree-murder conviction,[8] revocation proceedings resumed.

The circuit court explicitly stated that evidence adduced in the murder trial would be considered in the revocation hearing; therefore, it may be used to support a finding that Ward violated the conditions of his SIS. During the murder trial, the medical examiner testified that the victim, Sabrina Benson, died from strangulation and head injuries. Ward, by his own admission, told investigating officers that he grabbed Benson around her neck with both hands; he held her "too long"; he threw her against the door; and she was limp, and her body "fell straight down" when he released her. The circuit court's determination that Ward violated his SIS conditions by committing murder was not clearly against the preponderance of the evidence.

Because proof of just one violation of the SIS terms and conditions is sufficient to support revocation, we affirm.[9]

Affirmed.

TUCKER and WOOD, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.

---

[8]This court recently affirmed Ward's murder conviction in *Ward v. State*, 2025 Ark. App. 501, ___ S.W.3d ___.

[9]*See Vail v. State*, 2019 Ark. App. 238.

4