SLIP OPINION

Cite as 2017 Ark. App. 434

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR–16–856

| | |
|---|---|
| OLIVER W. HART III<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** September 13, 2017<br><br>APPEAL FROM THE MILLER COUNTY CIRCUIT COURT<br>[NO'S. 46CR-02-162, 46CR-02-570, AND 46CR-03-627]<br><br>HONORABLE KIRK JOHNSON, JUDGE<br><br>AFFIRMED |

**RITA W. GRUBER**, **Chief Judge**

This revocation case has returned to us after correction and supplementation of the record and rebriefing. *Hart v. State*, 2017 Ark. App. 130 (*Hart I*). As detailed in our opinion in *Hart I*, appellant's probation was revoked in three cases after the circuit court found that he had violated all three conditions alleged in the State's petition to revoke: committed a drug offense; inexcusably failed to pay court-ordered financial obligations; and possessed a controlled substance, possessed drug paraphernalia, and tested positive for controlled substances on four occasions during March, June, and July 2014. On appeal, appellant argues that the evidence was insufficient to revoke his probation and that the circuit court erred in denying his motion to dismiss the revocation petition for failure to provide him a preliminary hearing. We affirm the orders of the circuit court.

Appellant pleaded guilty in the three cases on appeal on April 7, 2009. All three cases involved manufacturing, delivering, or possessing a controlled substance and possession of

drug paraphernalia. In December 2013, appellant requested that supervision of his probation be transferred to Texas, which was done. In connection with the transfer, he signed an application to transfer, which included his statement that he would comply with the terms and conditions of supervision placed on him in Arkansas. One of the conditions of his probation was that he make monthly court-ordered payments to the Miller County Circuit Clerk.

On August 27, 2014, appellant was arrested in Texarkana, Texas, for possession of drug paraphernalia and possession of a controlled substance. His Texas supervisor informed appellant's Arkansas probation officer of this arrest, and petitions for revocation were filed in the three cases alleging that appellant had failed to pay court-ordered obligations and had committed an offense against the laws of this or any other state. After the Texas supervisor provided information to the Arkansas probation officer regarding appellant's four failed drug screens, the petitions were amended to include the allegation that appellant had possessed, used, sold, or distributed a controlled substance, narcotic drug, or drug paraphernalia. The court subsequently revoked appellant's probation, finding that he had violated all three of the conditions.

## I. *Sufficiency of the Evidence*

Appellant's first point on appeal is that the evidence was insufficient to revoke his probation on any of the violations alleged in the petition and found by the circuit court. A circuit court may revoke a defendant's probation at any time prior to the expiration of the period of probation if it finds by a preponderance of the evidence that the defendant has

2

SLIP OPINION

inexcusably failed to comply with a condition of his probation. Ark. Code Ann. § 16-93-308(d) (Repl. 2016). When the sufficiency of the evidence is challenged on appeal from an order of revocation, this court will not reverse the circuit court's decision to revoke unless it is clearly against the preponderance of the evidence. *Owens v. State*, 2009 Ark. App. 876, at 6, 372 S.W.3d 415, 419. Because the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given testimony, we defer to the circuit court's superior position. *Richardson v. State*, 85 Ark. App. 347, 349, 157 S.W.3d 536, 538 (2004). Finally, the State need only show that the appellant committed one violation in order to sustain a revocation. *Id.*

We turn first to the evidence regarding appellant's failure to pay court-ordered fines. When the alleged violation is a failure to make payments as ordered, it is the State's burden to prove that the failure to pay was inexcusable; once the State has introduced evidence of nonpayment, the burden of going forward shifts to the defendant to offer some reasonable excuse for failing to pay. *Reyes v. State*, 2012 Ark. App. 358, at 5. Appellant's Arkansas probation officer testified that when appellant submitted his application to transfer probation to Texas, he signed a statement outlining his duties regarding the conditions of his probation, one of them being his obligation to make court-ordered monthly payments to the Miller County Circuit Clerk. Testimony established that appellant had made no payments on these fines from the time he was placed on probation on April 7, 2009. At trial, he asserted that he had made payments to the State of Texas for his Texas supervision fees and that he thought this constituted payment on his Arkansas fines and costs. The court specifically

3

SLIP OPINION

found appellant's testimony not credible because he had never made payments on his court-ordered obligations, even for the five years that he resided in Arkansas, and because his Arkansas probation officer testified that he had specifically told appellant that he was still obligated to make the payments to the Miller County Circuit Clerk even after his transfer to Texas. Further, the transfer documents state that he is required to comply with the terms and conditions placed on him in Arkansas, which include payments to the Miller County Circuit Clerk of all fines, fees, and costs. The circuit court, as trier of fact, was entitled to assess appellant's explanation for his failure to pay and conclude that his nonpayment was not excusable. We defer to the circuit court here and hold its finding is not clearly against the preponderance of the evidence. Because the State need only show that the appellant committed one violation in order to sustain a revocation, we decline to address the other bases for the court's revocation. *Richardson*, 85 Ark. App. at 349, 157 S.W.3d at 538.

## II. *Preliminary Hearing*

For his second point on appeal, appellant contends that the circuit court erred by denying his motion to dismiss the revocation. His motion alleged that the court had failed to provide a preliminary hearing pursuant to Ark. Code Ann. § 16-93-307(a), and that it should therefore dismiss the petition. That statute provides that a defendant arrested for violation of probation is entitled to a preliminary hearing "to determine whether there is reasonable cause to believe that he or she has violated a condition" of probation. *Id*. The hearing is to be held "as soon as practicable after arrest." *Id*. A preliminary hearing is not required if the defendant waives the hearing, the revocation is based on the defendant's

commission of an offense for which he has been tried and found guilty, or the revocation hearing is held promptly after the arrest in the judicial district where the alleged violation occurred or where the defendant was arrested. Ark. Code Ann. § 16-93-307(d) (Repl. 2016). It is within the circuit court's discretion to grant or deny a motion to dismiss. *McClanahan v. State*, 2010 Ark. 39, at 3, 358 S.W.3d 900, 901–02. When a court's ruling on a matter is discretionary, we will not reverse unless there has been an abuse of that discretion. *Id*.

A brief recitation of the procedural history is helpful on this point. Appellant was arrested on probation-revocation warrants on December 20, 2014. He had a first appearance on December 23, 2014; his next court date was set for January 6, 2015. He appeared with counsel on January 6 and requested a continuance until January 20, 2015, which the court granted. He appeared with different counsel on January 20 and sought a continuance until February 10, 2015. On February 10, he appeared and requested a transfer of the case to a different division where the other two petitions were scheduled. On February 17, 2015, he appeared with new counsel and again sought a continuance, which was granted until April 27, 2015, with a pretrial date of April 14, 2015. On April 14, 2015, appellant did appear for the pretrial conference but again sought and was granted a continuance until July 27, 2015. On July 27, appellant sought and was granted a continuance until October 26, 2015, because he had filed a federal lawsuit against his counsel, who then requested to withdraw. On September 29, 2015, new counsel was appointed, and appellant sought a continuance until February 22, 2016. Again, on February 22, appellant sought and was granted a continuance

until March 22, 2016. On March 1, 2016, appellant filed a motion to dismiss for failure to provide a preliminary hearing since he was incarcerated. A hearing was set on the motion for April 5, 2016. At appellant's request, that hearing was continued until May 17, 2016.

At the hearing on May 17, appellant's counsel argued that the only appropriate remedy for failure to have a preliminary hearing was dismissal of the petition to revoke. At that point, the court held a preliminary hearing at which appellant's Arkansas probation officer testified about appellant's violation of the conditions of probation: that appellant had been arrested in Texas in August 2014 and charged with possession of a controlled substance for being found in possession of methamphetamine, Viagra, and hydrocodone; that appellant had failed several drug tests; and that appellant had not made any court-ordered payments to Miller County despite his having been informed of the continuing obligation to do so when his probation was transferred to Texas in January 2014. One of the officers at the scene of appellant's arrest in August 2014 also testified about the circumstances surrounding the arrest. Appellant testified, admitting that he had never asked for a preliminary hearing before his motion in March 2016, more than a year after being arrested for probation violations. At the close of the hearing, the court found that there was reasonable cause to hold a revocation hearing and set the hearing for June 14, 2016.

The court entered an order on June 14, 2016, denying appellant's motion to dismiss. The court found that a magistrate had made a determination of probable cause when it issued the warrant for appellant's arrest on the probation violations. The court also found that appellant had waived the right to a preliminary hearing by failing to request one until

more than a year after his arrest and by seeking continuance after continuance rather than requesting a preliminary hearing. The court noted that the first revocation hearing was scheduled within thirty days of his arrest but that appellant had filed for a continuance instead of seeking a preliminary hearing or proceeding to the merits of the revocation. The court found that the delays had been caused by appellant, and a preliminary hearing had been held as soon as practicable after his request. Finally, the circuit court found that appellant had failed to demonstrate prejudice from the delay in holding a preliminary hearing.

We agree with the circuit court that appellant waived his right to have a preliminary hearing before the preliminary hearing was held on May 17, 2016. The initial revocation hearing was set to take place within thirty days of appellant's arrest. Appellant asked and was granted nine transfers or continuances from January 6, 2015, through May 17, 2016, when the court held a preliminary hearing at appellant's request. He never requested a preliminary hearing, although he repeatedly requested continuances; rather, he filed a motion to dismiss for failure to have a preliminary hearing over a year after his arrest. Appellant's failure to either request a hearing or object to the timeliness of such a hearing for more than a year constitutes a waiver. *See Lane v. State*, 2015 Ark. App. 672, at 4–5 (holding appellant waived right to demand that revocation hearing be held within sixty days as required by statute where he failed to object to timeliness during the sixty-day period). Further, when appellant raised the issue, the circuit court promptly held a preliminary hearing and found that reasonable cause existed to pursue the revocation. The revocation hearing was held a month later. Appellant must be able to demonstrate prejudice resulting from any failure to adhere

to the statute. *See Barnes v. State*, 294 Ark. 369, 742 S.W.2d 925 (1988). Appellant failed to demonstrate how the delay, which the circuit court determined was caused by his repeated requests for continuances, prejudiced him. Accordingly, we hold that the circuit court did not abuse its discretion by denying appellant's motion to dismiss the revocation.

Affirmed.

ABRAMSON and HARRISON, JJ., agree.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Priest*, Ass't Att'y Gen., for appellee.

SLIP OPINION