MIKE MURPHY, Judge
In this no-merit appeal, a Jefferson County Circuit Court revoked Alvontae Whitmore's probation and sentenced him to ten years in the Arkansas Department of Correction. Pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Arkansas Supreme Court Rule 4-3(k), Whitmore's counsel has filed a motion to be relieved as his attorney, alleging that this appeal is without merit. Counsel has also filed a brief in which he contends that all adverse rulings have been abstracted and discussed. Our review of the record reveals that there is no meritorious ground for an appeal. We affirm and grant appellate counsel's motion to withdraw.
A brief summary of the facts and procedural history follows. Whitmore was originally charged by information with the felony offenses of residential burglary and theft of property in September 2015. He was convicted and sentenced in January 2016 to sixty months of probation. He was to abide by the terms and conditions of his probation that included a list of monetary obligations. On September 20, 2016, a petition to revoke Whitmore's probation was filed alleging multiple violations of the terms and conditions of his probation. A supplemental petition to revoke probation was filed seven days later along with two violation reports reflecting that Whitmore was charged with committing multiple serious felonies on two separate occasions.
At the revocation hearing conducted on March 7, 2017, Whitmore appeared with counsel. Whitmore's probation officer testified to his various probation violations, including that he had tested positive for hydrocodone, heroin, and marijuana on two occasions. Whitmore failed to report to the office for the entire month of May and once in July. He also was delinquent in his monetary obligations. Lastly, Whitmore had left the State of Arkansas without the necessary permission. At the conclusion of the hearing, the circuit court found Whitmore guilty of violating the terms and conditions of his probation and sentenced him to a total term of ten years in the *598 Arkansas Department of Correction. The court dismissed the two supplemental petitions for having insufficient proof.
Upon filing a motion for reconsideration on April 20, 2017, Whitmore's counsel discovered that Whitmore had filed a pro se notice of appeal on April 18, 2017. On May 7, 2017, the circuit court conducted a hearing on the motion for reconsideration. At the hearing, Whitmore clarified on the record that he wished to revoke his pro se notice of appeal and that he wanted to allow the court to make a ruling on the motion for reconsideration. The court then ruled from the bench that it had heard all the evidence introduced at the March hearing and did not see any reason to change the ruling, and it denied the motion. Thereafter, the notice of appeal and motion to be relieved as counsel were filed.
The test for filing a no-merit brief is not whether there is any reversible error but whether an appeal would be wholly frivolous. Wright v. State , 2015 Ark. App. 300, at 1, 2015 WL 2149417.
On appeal, counsel first discussed the circuit court's revocation of Whitmore's probation. A circuit court may revoke a defendant's probation at any time before the expiration of the period of probation if it finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her probation. Ark. Code Ann. § 16-93-308(d) (Repl. 2016). This court will not reverse the circuit court's decision to revoke unless it is clearly against the preponderance of the evidence. Hart v. State , 2017 Ark. App. 434, 530 S.W.3d 366. Because the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given testimony, we defer to the circuit court's superior position. Id. Finally, the State need only show that the appellant committed one violation in order to sustain a revocation. Id. Relying on the probation officer's testimony citing multiple probation violations, the circuit court did not clearly err in finding Whitmore guilty of violating the terms and conditions of his probation.
Next, counsel discussed the denial of Whitmore's objection to the State's entry of Facebook posts. The probation officer testified that he would check Facebook when supervising probationers to look for incriminating posts. Defense counsel objected to the officer's reading the incriminating posts he had discovered on Whitmore's Facebook page, arguing they were unreliable and that there was an insufficient foundation. The circuit court correctly overruled the objection explaining that the rules of evidence do not strictly apply in probation-revocation proceedings. Ark. R. Evid. 1101(b)(3).
Third, counsel discussed the denial of Whitmore's two objections to the State's entry of 911 dispatch information. Whitmore objected on the grounds that the person who had supplied the information and description to the officer was not available for examination. The circuit court did not err when it overruled both objections because not only are rules of evidence inapplicable to revocation proceedings, but also the statements were not being offered to prove the truth of the matter asserted and were therefore not hearsay. Ark. R. Evid. 801(c).
Fourth, counsel discussed the denial of Whitmore's objection to testimony as being outside the scope of direct examination during the State's cross-examination. The court overruled the objection. Evidentiary matters regarding the admissibility of evidence are left to the sound discretion of the circuit court and rulings in this regard will not be reversed absent an abuse of discretion, which we do not find here.
*599 Newman v. State , 327 Ark. 339, 347, 939 S.W.2d 811, 815-16 (1997).
Lastly, counsel discussed the denial of Whitmore's motion for reconsideration. The circuit court has discretion to set punishment within the statutory range of punishment provided for a particular crime. Deere v. State , 59 Ark. App. 174, 954 S.W.2d 943 (1997). The court sentenced Whitmore to a term of ten years for residential burglary and an additional six years for theft of property to run concurrently. Residential burglary is a Class B felony. Ark. Code Ann. § 5-39-201 (Repl. 2016). For a Class B felony, the sentence shall be not less than five years nor more than twenty years. Ark. Code Ann. § 5-4-401. Thus, Whitmore was sentenced within the statutory range of punishment.
From our review of the record and the brief presented to us, we find compliance with Rule 4-3(k) and that there is no issue of arguable merit to an appeal.
Affirmed; motion to withdraw granted.
Gladwin and Vaught, JJ., agree.