LARRY D. VAUGHT, Judge
Rodney Chambers pled guilty to possession of a controlled substance (marijuana) with purpose to deliver, possession of drug paraphernalia, and failure to appear and received sixty months' probation by sentencing order of the Washington County Circuit Court entered on September 20, 2016. On January 11, 2017, the State filed a petition to revoke, alleging that Chambers had violated the conditions of his *317 probation by failing to report to his probation officer, provide a valid address, and pay court-ordered financial obligations. At the conclusion of a revocation hearing, the circuit court granted the State's petition, finding Chambers had violated the conditions of his probation by failing to report to his probation officer and by failing to pay his financial obligations. The court entered a sentencing order on May 30, 2017, convicting Chambers of possession of a controlled substance (marijuana) with purpose to deliver, possession of drug paraphernalia, and failure to appear and sentenced Chambers to six years' imprisonment for each conviction, to run concurrently. On appeal, Chambers challenges the sufficiency of the evidence supporting the revocation decision. We affirm.
A circuit court may revoke a defendant's probation at any time before the expiration of the period of probation if it finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her probation. Hart v. State , 2017 Ark. App. 434, at 2-3, 530 S.W.3d 366, 368 (citing Ark. Code Ann. § 16-93-308(d) (Repl. 2016)). When the sufficiency of the evidence is challenged on appeal from an order of revocation, this court will not reverse the circuit court's decision to revoke unless it is clearly against the preponderance of the evidence. Id. at 3, 530 S.W.3d at 368. Because the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given testimony, we defer to the circuit court's superior position. Id. , 530 S.W.3d at 368. Finally, the State need show that the appellant committed only one violation in order to sustain a revocation. Id. , 530 S.W.3d at 368.
In revoking Chambers's probation, the circuit court found that he had failed to report to his probation officer and had failed to pay his financial obligations. Chambers challenges both findings on appeal. Regarding his failure to report, he concedes that he missed some appointments, but he argues that he did report, he submitted to drug testing, and he maintained contact with the probation office.
Whitney Cates testified at the revocation hearing that she supervised Chambers's probation. Cates described in detail Chambers's history of reporting. She said that Chambers first appeared at the probation office for his intake (with another officer) on September 23, 2016. He returned on September 26, 2016, and met with Cates. He was scheduled to return on November 2, 2016, but did not report. Cates testified that Chambers returned to the probation office on December 6, 2016, but left without seeing Cates or any other probation officer. Cates said that she spoke with Chambers on the phone on December 12, 2016, and she requested that he report that day, but he did not report. Chambers called Cates on December 13, 2016, and arranged to report on December 14, 2016, but he did not report on that date. On December 27, 2016, Cates called Chambers, but she was unable to leave a voicemail because his phone would not receive it. Thereafter, Cates filed the probation-violation report. On January 20, 2017, Chambers left a voicemail for Cates stating that he would report on either January 27 or 28, 2017. He did not report on either date. Cates testified that Chambers was arrested for his probation violation on February 2, 2017, and released on February 11, 2017, yet Cates had received no communication from Chambers.
Based on this evidence, we cannot say that the circuit court's revocation decision based on the finding that Chambers failed to report to his probation officer was clearly against the preponderance of the evidence. The evidence establishes that from *318 September 26, 2016, to May 30, 2017 (the date of the revocation hearing), Chambers met with his probation officer one time-at his initial visit with Cates on September 26, 2016. Chambers never met again with Cates or any other probation officer. While arrangements were made multiple times for Chambers to report on later dates, he did not report. Therefore, we affirm the circuit court's revocation decision.[1]
Affirmed.
Abramson and Hixson, JJ., agree.

Because the State need show that the appellant committed only one violation in order to sustain a revocation, we decline to address the other basis for the court's revocation. Hart , 2017 Ark. App. 434, at 4, 530 S.W.3d at 368.