Cite as 2020 Ark. App. 449

# ARKANSAS COURT OF APPEALS

DIVISION II

No. CR–20–65

| | |
|---|---|
| | **Opinion Delivered:** September 30, 2020 |
| TRINA HONEYCUTT<br>APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT<br>[NO. 16JCR–15–343] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE TONYA M. ALEXANDER, JUDGE |
| | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Trina Honeycutt appeals a Craighead County Circuit Court order revoking her probation and sentencing her to five years in the Arkansas Department of Correction. Honeycutt claims that she needed rehabilitation rather than incarceration and that her noncompliance was excusable given her untreated substance-abuse issues. We find no error and affirm.

On April 27, 2015, Honeycutt pled guilty to one count of theft of property with a value of over $1,000 and less than $5,000. In return for her guilty plea, she received a five-year suspended imposition of sentence (SIS). As a condition of her suspended sentence, she agreed that she would not commit any criminal offense punishable by imprisonment; would

not use, sell, distribute, or possess any controlled substance; and would pay court costs and fees in the amount of $256 in regular installments of $50 a month.[1]

In September 2017, the State filed a petition to revoke Honeycutt's SIS. The State alleged that Honeycutt had failed to live a law-abiding life and to be of good behavior. More specifically, the State alleged that she had violated state law by possessing illegal drugs, had been charged with possession of methamphetamine, and had attempted to discard a baggie of methamphetamine to avoid arrest and prosecution. The State further alleged that she failed to pay her fines, court costs, and restitution as ordered.

Subsequently, the State amended its petition to include additional violation allegations. The State alleged that Honeycutt had failed to appear at four separate hearings—December 1, 2017, October 8, 2018, February 11, 2019, and September 3, 2019—resulting in arrests warrants being issued and that she had failed to return to custody at the Craighead County jail after she was released from a drug-rehabilitation program for noncompliance. Honeycutt was also later charged with an additional count of possession of methamphetamine arising out of an incident on February 22, 2018.

The matter proceeded to a bench trial on the petition to revoke. The State presented evidence of two separate incidents wherein Honeycutt was arrested and charged with possession of methamphetamine. The State also entered into evidence, without objection, records from the Craighead County Sheriff's Office showing that Honeycutt had made no payments on her court-ordered costs, fines, and fees; the warrants issued for her arrest after

---

[1]We note that the probation order also required Honeycutt to pay a $250 public-defender fee. The sentencing order, however, did not include this fee.

2

she failed to appear; and documents evidencing her failure to return to jail after her removal from the drug-rehabilitation program.

Honeycutt also testified at the revocation hearing. In her testimony, she made several admissions. She admitted that she had not led a law-abiding life and had used controlled substances. In fact, she admitted that she was an addict and that her addiction resulted in most of her probation violations. Her addiction resulted in her removal from one drug-rehabilitation program over a dispute regarding her prescribed medication and from another treatment program after a former resident accused her of stealing a bible. After she was discharged from treatment, she did not report back to the county jail as ordered upon her release.

Concerning her court dates, she missed her first court date because of a mistake, the second because of anxiety due to her PTSD, and the third because she was not feeling well. She also admitted that she had not paid her monetary obligations, claiming that it was difficult to make ends meet, that it had "slipped" her mind that she needed to pay, and that she had only recently obtained employment.

Despite these admissions, she stated that she had been sober for approximately nine months. She testified that she believed she could easily overcome her addiction and asked the court to give her another chance. After hearing all the evidence and arguments of counsel, the circuit court revoked Honeycutt's SIS and sentenced her to five years in the Arkansas Department of Correction. Honeycutt challenges the revocation arguing that she needed rehabilitation rather than incarceration and that her noncompliance was excusable given her untreated substance-abuse issues.

3

Pursuant to Arkansas Code Annotated section 16-93-308(d) (Supp. 2019), a circuit court may revoke a defendant's suspended sentence at any time prior to the expiration of the period of suspended sentence if the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a term or condition of the defendant's suspended sentence. *Keyes v. State*, 2019 Ark. App. 202, 575 S.W.3d 166. The State bears the burden to prove a violation of a term or condition by a preponderance of the evidence. *Baker v. State*, 2016 Ark. App. 468.

On appeal, we uphold the circuit court's findings unless they are clearly against the preponderance of the evidence. *Id.* We need proof of only one violation of the conditions of probation or SIS to support a revocation, and evidence that is insufficient for a criminal conviction may be sufficient for a revocation proceeding because the burdens of proof are different. *Keyes*, *supra*. Because a determination of the preponderance of the evidence turns heavily on questions of credibility and weight to be given to the testimony, the appellate courts defer to the circuit court's superior position in this regard. *Id.*

Honeycutt first argues that the circuit court erred in failing to find her noncompliance excusable due to her drug addiction and need for rehabilitation. In a revocation proceeding, the State, however, need only present evidence of noncompliance. *E.g.*, *Hart v. State*, 2017 Ark. App. 434, at 3, 530 S.W.3d 366, 368. Once the State goes forward with evidence of noncompliance, the defendant must then go forward with evidence of a reasonable excuse for noncompliance. *E.g.*, *Anglin v. State*, 98 Ark. App. 34, 36, 249 S.W.3d 838, 838 (2007).

Here, the State presented ample evidence of noncompliance: failure to live a law-abiding life; methamphetamine possession; failure to appear at hearings; failure to report to

jail after her dismissal from her drug-treatment program; and failure to pay her court-ordered monetary obligations. While Honeycutt testified about her reasons for her noncompliance, the circuit court had the discretion to either accept or reject any of her excuses for noncompliance. *See Stewart v. State*, 2018 Ark. App. 306, 550 S.W.3d 916. The circuit court did not abuse its discretion in rejecting her excuses, especially when she had admitted violations of her SIS even during a period of sobriety.

Finally, Honeycutt's argument that the circuit court erred in imposing a five-year sentence rather than rehabilitation for her drug addiction also fails. Upon a revocation of a suspended sentence, the circuit court can impose any sentence that could have been imposed as long as any sentence of imprisonment, when combined with any previous term of imprisonment, does not exceed the statutory maximum for the offense. Ark. Code Ann. § 16-93-308(g) (Supp. 2019); s*ee also*, *Neal v. State*, 2019 Ark. App. 480, 588 S.W.3d 759. The court heard and considered Honeycutt's request for additional rehabilitation but rejected it. The court in its oral ruling specifically noted that Honeycutt had been discharged from two separate treatment programs during the pendency of the revocation proceedings and questioned whether any additional efforts at rehabilitation at the time would even be fruitful. Given the evidence presented, the circuit court's decision was not an abuse of discretion.

Affirmed.

VIRDEN and GLADWIN, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.