Cite as 2021 Ark. App. 133

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–20–506

| | | |
|---|---|---|
| MELISSA ALBERTSON | | **Opinion Delivered:** March 17, 2021 |
| | APPELLANT | APPEAL FROM THE YELL COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NO. 75CR-19-45] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE JERRY DON RAMEY, JUDGE |
| | | AFFIRMED |

## MIKE MURPHY, Judge

This appeal stems from a revocation of probation. On appeal, the appellant, Melissa Albertson, argues that the circuit court abused its discretion when it denied her motion to dismiss for failure to hold a preliminary hearing. We affirm.

Albertson pleaded guilty to second-degree battery on November 14, 2019, in the Yell County Circuit Court. She was placed on probation for thirty-six months. Some of the conditions of her probation included that she report to her probation officer as directed, that she notify her probation officer before changing her address, and that she remain in Arkansas unless her probation officer granted her permission to leave the state.

On January 2, 2020, the State filed a petition to revoke Albertson's probation alleging that she failed to report to intake, she no longer resided at her approved residence, and her whereabouts were unknown. A revocation hearing was held June 1, 2020. At that hearing,

Albertson moved to dismiss the revocation petition because there had been no preliminary hearing pursuant to Arkansas Code Annotated section 16-93-307(a)(1)–(6) (Repl. 2016).

The prosecutor responded that the purpose of a preliminary hearing is to determine probable cause and that the court had already determined there was probable cause for the petition to revoke. The court ruled that Albertson had been in court on four previous occasions when she could have raised the issue of a preliminary hearing and that it had determined there was probable cause when it issued the arrest warrant for Albertson.

The hearing continued, and the court heard testimony from Albertson's probation officer, Caitlyn Avant. Avant testified that Albertson signed the conditions of probation after she was sentenced but then did not report for her first visit to complete forms and begin her supervision. She said that Albertson never provided an address or a telephone number and that she never gave Albertson permission to leave Arkansas.

Albertson also testified. She admitted that she had moved to Iowa within a week of getting out of jail. She said she had a job and an apartment in Iowa, but she did not have a way to contact her probation officer in Arkansas. After having lived in Iowa for several months, Albertson turned herself in to a probation office in Des Moines, and she was extradited to Arkansas.

At the conclusion of the revocation hearing, the circuit court found that Albertson had violated condition 6 by failing to report to her probation officer and condition 9 by leaving Arkansas without obtaining permission to do so. She was sentenced to five years in the Arkansas Division of Correction, with three years suspended. This timely appeal

followed. On appeal, Albertson challenges the circuit court's denial of her motion to dismiss the revocation petition for a lack of a preliminary hearing.

A circuit court's denial of a motion to dismiss a revocation petition based on the lack of a preliminary hearing is reviewed for abuse of discretion. *Hart v. State*, 2017 Ark. App. 434, at 7–8, 530 S.W.3d 368, 370. If a preliminary hearing is not held, the appellant must demonstrate prejudice resulting from the failure to hold the hearing. *Id.*

Arkansas Code Annotated section 16-93-307(a)(1) provides that a defendant arrested for violation of the conditions of a suspended or probated sentence "is entitled to a preliminary hearing to determine whether there is reasonable cause to believe that he or she has violated a condition of the suspension or probation." At such a hearing, the defendant has the right to hear and controvert the opposing evidence and to offer evidence. Ark. Code Ann. § 16-95-307(a)(4). A suspended or probated sentence, however, cannot be revoked until after a revocation hearing is held. Ark. Code Ann. § 16-93-307(b)(1).

Here, Albertson did not make any argument below or on appeal as to how she was prejudiced from the court's failure to hold a preliminary hearing. She was required to demonstrate prejudice. *Hart*, *supra*. She has not done so. The circuit court did not abuse its discretion.

Affirmed.

KLAPPENBACH and GRUBER, JJ., agree.

*Robert N. Jeffrey, Attorney at Law*, by: *Robert N. Jeffrey*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.