Cite as 2021 Ark. App. 226

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–20–571

|  |  |  |
|---|---|---|
| | | **Opinion Delivered:** May 5, 2021 |
| MARQUES JOHNSON | APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO.16JCR–15–594 ] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE RICHARD LUSBY, JUDGE |
| | | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Marques Johnson appeals from the revocation of his probation for the underlying charge of terroristic threatening for which he was sentenced to five years' imprisonment. He argues on appeal that the circuit court erred by revoking his probation because the State failed to present sufficient evidence to support the revocation. We affirm.

Appellant pled guilty to terroristic threatening on November 15, 2016, and was sentenced to five years' probation. He was also ordered to report to his probation officer and to pay fees, restitution, fines, and costs. The State filed a petition to revoke on November 6, 2019, alleging that appellant had violated the terms and conditions of his probation by failing to report as ordered or to make payments as ordered. Appellant's revocation hearing took place on July 21, 2020.

Kayla Sain, appellant's probation officer, testified that appellant had absconded between February 2017 and May 2020. She stated that during this time, she had no contact with appellant. She said that appellant was ordered to pay $35 a month in supervision fees and that he was $70 behind, having made a $280 payment following his arrest in May. She testified that appellant told her he had absconded "due to being sick and having money issues." She also stated that last time she talked to appellant, he had not paid anything toward his fines at the Craighead County Sheriff's Office.

On cross-examination, Sain testified that appellant did not go into detail about his illnesses and that she did not ask him to. She further stated that she did not ask appellant about his money issues.

When questioned by the court as to why she had not inquired about appellant's illnesses, Sain responded that it was because appellant "had given [her] several excuses and several dishonest answers. So [she] just didn't divulge any excuse he gave [her] at that point." A payment history was introduced without objection showing that appellant had a balance of $1,504.39 due to the sheriff's office.

Appellant testified that he was stabbed in his chest in October 2016[1] and that he had no job or money. He stated that he was hospitalized for three days and that it took him a couple of months to recover. He said that he did not know why he did not report in February but said that he was still going through things and was surprised that Sain was threatening to lock him up. Appellant testified that he was putting job applications in at

---

[1]Initially, the testimony was that the incident took place in 2017; however, appellant stated that it happened in in 2016, right before he was placed on probation.

the time but had been unable to get a job. He stated that he is still looking for employment. He said that he "caught up" his fees with Sain and that he had paid $200 toward his fines at the sheriff's office.

On cross-examination, appellant stated that he did not know who had stabbed him during a fight on Freeman Street in October 2016. He said that he did not make a police report because he did not know anything. He testified that prior to his arrest, he called Sain three times and left messages indicating that he wished to turn himself in. He stated that in February 2017, he was working at Gillis Construction and worked there about three months before he left the job. He said that he was unsure if he has had a job since that time. He indicated that he was willing to make payments on his fines, fees, and costs at the hearing. Appellant conceded that he had not reported to Sain between February 3, 2017 and May 18, 2020. He stated that during this time, he was "staying some of everywhere." He even indicated that he stayed in Little Rock during this time and did not notify Sain about this change in address because he was not reporting to her at that time. He testified that in addition to being stabbed, he was dealing with stress and family problems. Appellant admitted that he pled guilty to a fleeing charge stemming from his arrest for the probation violation but stated that he did not flee. He also admitted that he failed several drug tests while on probation. However, he said that he completed the recommended drug classes. He stated that he reported to Sain the month after he was stabbed up until the time he absconded.

On redirect, appellant stated that he spoke to Sain about the problems he was having. He said that he stopped reporting in February because he was scared that Sain was going to

3

have him locked up for failing to make his ordered payments. He testified that his girlfriend made the $200 payment to the sheriff's office for him.

Sain testified on rebuttal that appellant had admitted to drug use and had positive drug screens during his probation. She denied that he completed the drug class. She stated that she did not have anything in her notes about appellant telling her that he had been stabbed. On cross-examination, she said that appellant told her that he had not been to see her at one point because he had moved back to Little Rock to find a job.

Appellant unsuccessfully moved for a directed verdict, arguing that the State failed to show he willfully violated his probation. The court found that appellant had violated the terms and conditions of his probation by failing to report as ordered, failing to make the required payments, using marijuana, moving without permission, failing to complete the drug class, and committing the new offense of fleeing and not paying fines in that case.[2] Appellant was sentenced to five years' imprisonment in the sentencing ordered filed on July 21. He filed a timely notice of appeal on July 30.

Pursuant to Arkansas Code Annotated section 16-93-308(d),[3] a circuit court may revoke a defendant's probation at any time prior to the expiration of the period of probation if the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a term or condition of the defendant's probation. The State bears the burden of proving a violation of a term or condition by a preponderance of the evidence.[4]

---

[2]The dates for some of these violations seem to predate November 15, 2016, and may be tied to a separate case altogether.

[3](Supp. 2019).

On appeal, we uphold the circuit court's findings unless they are clearly against the preponderance of the evidence.[5] We need proof of only one violation of the conditions of probation or suspended imposition of sentence to support a revocation, and evidence that is insufficient for a criminal conviction may be sufficient for a revocation proceeding because the burdens of proof are different.[6] Because a determination of the preponderance of the evidence turns heavily on questions of credibility and weight to be given to the testimony, the appellate courts defer to the circuit court's superior position in this regard.[7] To sustain a revocation of probation, the State need only show that the defendant committed one violation.[8]

Appellant argues that the State failed to prove that he willfully failed to follow the terms and conditions of his probation. The State put forth evidence that appellant failed to report to his probation officer for over three years. Appellant conceded as much in his testimony. His given reason for failing to report during this time is that he feared being locked up for being behind on his payments. The testimony provides sufficient evidence that appellant violated the terms and conditions of his probation by failing to report as ordered.[9] Since the State need only show one violation, we affirm.

---

[4]*Honeycutt v. State*, 2020 Ark. App. 449, at 4, 608 S.W.3d 631, 634.

[5]*Id.*

[6]*Id.*

[7]*Id.*

[8]*Vangilder v. State*, 2018 Ark. App. 385, 555 S.W.3d 413.

[9]*See Taylor v. State*, 2018 Ark. App. 30, 540 S.W.3d 295.

To the extent that appellant attempts to justify his failure to report based on his being stabbed, the evidence shows that appellant reported the months following the stabbing, and by his own admission, it only took him a couple of months to recover from his injury. It was up to the court to apply the appropriate weight to appellant's excuse.

Affirmed.

VIRDEN and MURPHY, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.