Cite as 2024 Ark. App. 402

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-23-732

| | |
|---|---|
| PHILLIP JARROD MARTIN<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered September 4, 2024<br><br>APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT [NO. 02CR-12-112]<br><br>HONORABLE ROBERT B. GIBSON III, JUDGE<br><br>AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Phillip Martin appeals from the order of the Ashley County Circuit Court revoking his suspended imposition of sentence (SIS). We affirm.

In July 2013, Martin pleaded guilty to first-degree battery and was sentenced to ten years' imprisonment and ten years' SIS. In May 2023, the State filed a petition to revoke alleging that Martin had committed new criminal offenses in violation of his SIS—specifically, three counts of second-degree battery and one count of third-degree domestic battery. A revocation hearing was held on July 10, 2023.

The testimony at the revocation hearing established that two deputies with the Ashley County Sheriff's Department responded to a 911 call regarding a domestic disturbance at the Levee Inn. Deputy Derek Hill testified that he first made contact with a woman whose

face was "busted really bad" and covered with blood. When Hill went to contact the other party, Martin, he saw Deputy Levette Whitfield talking to him and told Whitfield to place Martin in handcuffs until they could figure out what was going on. Hill testified that Martin then backpedaled into a motel room and sat on a bed. Hill grabbed Martin by the wrist and asked him to stand up. Martin stood up and started swinging. Hill said that Martin punched him in his left eye, and as he fell backward, Martin struck Whitfield. Whitfield fell to the floor, followed by Hill and Martin, as they continued to struggle. Hill felt Martin reaching for his service weapon, and as Whitfield tried to pull Martin up, Hill sprayed him with pepper spray. Martin struck both Hill and Whitfield again before Hill pulled his weapon and held Martin at gunpoint on the ground until backup arrived.

Whitfield testified that Martin punched her in the face, and she suffered injuries to her shoulder and knee from her body striking the wall during the struggle. Jacob Meeks of the Crossett Police Department testified that he arrived while Hill was holding Martin at gunpoint and that when Hill reholstered his weapon, Martin began fighting again and hit Meeks in his knee, causing injury. The circuit court found by a preponderance of the evidence that Martin had violated the condition of his SIS that prohibited Martin from committing any felony, misdemeanor, or other criminal offense punishable by confinement in jail or prison. The circuit court revoked Martin's SIS and sentenced him to thirty years' imprisonment and ten years' SIS.

To revoke a suspended sentence, the State bears the burden of proving by a preponderance of the evidence that the defendant violated a condition of the suspended

2

sentence. *Daniels v. State*, 2019 Ark. App. 473, 588 S.W.3d 116. On appeal, a circuit court's revocation of a suspended sentence will be affirmed unless the decision is clearly against the preponderance of the evidence. *Id.* Evidence that is insufficient for a criminal conviction may be sufficient for revocation of a suspended sentence. *Id.* Because the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given testimony, we defer to the circuit court's superior position. *Chambers v. State*, 2018 Ark. App. 69, 540 S.W.3d 316.

Martin argues that the State failed to prove the elements of second-degree battery. A person commits battery in the second degree if, among other things, the person knowingly, without legal justification, causes physical injury to or incapacitates a person he or she knows to be a law enforcement officer while the law enforcement officer is acting in the line of duty. Ark. Code Ann. § 5-13-202(a)(4)(A)(i) (Supp. 2023). Martin contends that the officers were not "acting in the line of duty" because they lacked probable cause to arrest him for domestic battery without a warrant and because they entered his motel room in violation of his Fourth Amendment expectation of privacy.

While Martin challenges the actions of Deputies Hill and Whitfield in attempting to handcuff him in the motel room, he makes no argument that Officer Meeks was not acting in the line of duty when he responded as backup. Meeks testified that he heard Deputy Hill in distress over the radio, and when Meeks arrived, he saw Hill, with blood all over his face, holding Martin at gunpoint in a room fogged with pepper spray. Acting in the line of duty, Meeks attempted to grab Martin's arm when Martin caused physical injury to him. We defer

3

to the circuit court's superior position regarding questions of credibility and the weight to be given testimony. *Chambers*, *supra*. Martin was alleged to have committed second-degree battery with respect to Meeks, and the circuit court determined that Martin violated the condition of his SIS that prohibited him from committing any criminal offense punishable by confinement. The State need only show that the appellant committed one violation in order to sustain a revocation. *Chambers*, *supra*. Under these circumstances, we hold that the elements of second-degree battery were met and affirm the revocation.

Affirmed.

GLADWIN and GRUBER, JJ., agree.

*Dusti Standridge*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.